Case 4:22-cv-03904   Document 35   Filed on 04/24/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBRAH JAMES, §<br>    Plaintiff, §<br>§<br>VS. §<br>§<br>WAL-MART STORES TEXAS, LLC, *et al.*, §<br>    Defendants. § | CIVIL ACTION NO. 4:22-CV-03904 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart").[1] (Dkt. 23). After carefully reviewing the motion and the summary judgment record, the Court finds that Wal-Mart's motion should be **GRANTED**.

### I.  FACTUAL BACKGROUND

This factual background is taken from the pleadings and undisputed facts set forth in Wal-Mart's brief and appendix and examines those facts in the light most favorable to Plaintiff Debrah James ("James").

James slipped and fell in the meat department of a Wal-Mart store in Texas after encountering a trail of a red liquid substance resembling blood on the floor. (James Depo.

---

[1] Wal-Mart contends that Wal-Mart, Inc. was improperly named as a defendant in this lawsuit, and Wal-Mart Stores Texas, LLC is the only properly added defendant. James does not contend otherwise.

1 / 7

at 22:24-23:2, 24:2-5, 35:16-37:5).[2] She had not seen the liquid prior to falling, as "it wasn't enough to notice." (*Id.* at 36:21-37:5). James does not know how long the liquid was on the floor before her fall. (*Id.* at 39:24-40:8). Nor does James know how the liquid got there. (*Id.* at 39:1-3). James testified that a Wal-Mart employee was stocking meat products 10 to 15 feet away from her when she fell, but James does not know if the employee (or any other employee) saw anything on the floor near her. (*Id.* at 28:13-30:3, 69:24-70:3). After falling and being helped up, James was taken to an emergency room for treatment. (*Id.* at 48:2-21).

James brings claims for premises liability and gross negligence with a theory of liability under the doctrine of *respondeat superior*. After discovery, Wal-Mart filed a motion for summary judgment seeking dismissal of all claims. James did not respond.

## II.  LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and,

---

[2] Wal-Mart submitted an appendix which includes excerpts of the transcript from James's deposition. (Dkt. 24 at pp. 3-30). For ease of reference, the Court refers to the transcript as "James Depo." and the pages and lines indicated on the transcript.

when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A movant may also satisfy its initial burden by producing evidence that negates an essential element of the non-movant's claim or defense. *See id.* If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586-87.

Summary judgment may not be awarded by default simply because there is no opposition. *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

### III.   ANALYSIS

**A. Premises Liability**

Walmart argues that there is no genuine issue of material fact regarding whether it had notice of the condition that led to James's injury. The Court agrees.

Premises liability is a special form of negligence in which the duty owed to the plaintiff depends on the plaintiff's status on the premises at the time of the incident. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The plaintiff is usually classified as either an invitee, licensee, or trespasser. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999). An owner or occupier of the premises has a duty to use reasonable care to protect an invitee from conditions that create an unreasonable risk of harm of which the owner or occupier knows or by the exercise of reasonable care would discover. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). That said, it is well established that a premises owner is not an insurer of a visitor's safety. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The Supreme Court of Texas has repeatedly stressed "that premises owners are not strictly liable for conditions that result in injury." *Daenen*, 15 S.W.3d at 102.

To prevail on a premises-liability claim under Texas law, a plaintiff must establish that: (1) the property owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the property owner did not exercise reasonable care to reduce or eliminate the unreasonably dangerous condition; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk proximately caused the invitee's injuries. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Thus, "[t]here is no liability for harm resulting from conditions from which no unreasonable risk

was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 4 (Tex. 1996) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 61, at 426 (5th ed. 1984)).

The existence of actual or constructive notice of a premises defect is a threshold requirement in a premises liability case. *See Henkel v. Normal*, 441 S.W.3d 249, 251 (Tex. 2014). To show the notice element, a plaintiff must ordinarily establish that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Here, James failed to adduce any evidence that Wal-Mart had actual or constructive notice of such a condition. James testified that she is unaware how the liquid got on the floor or who put it there, and she does not know how long it had been there prior to her fall. Likewise, there is no evidence that a Wal-Mart employee knew that the liquid was on the floor. Although James's testimony is that an employee was a few feet away from her when she fell, that is insufficient to show that Wal-Mart should have discovered the liquid on the floor. *See Slape v. Wal-Mart Stores Texas, LLC*, 656 S.W.3d 698, 701 (Tex. App.— El Paso 2022, no pet.) ("An employee's proximity to a dangerous condition, with no evidence indicating how long the condition was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably

*should* have discovered it.") (emphasis in original). The absence of evidence that Wal-Mart had actual or constructive notice of a condition that posed an unreasonable risk of harm defeats James's allegation that Wal-Mart is liable for the injuries caused by her fall under a premises liability theory. Accordingly, Wal-Mart is entitled to summary judgment on James's premises liability claim.

### B. Gross Negligence

To prove gross negligence, a plaintiff must show that (1) "viewed objectively from the actor's standpoint," the act "involve[d] an extreme degree of risk, considering the probability and magnitude of the potential harm to others" and (2) the actor had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others." *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam); *see also* TEX. CIV. PRAC. & REM. CODE § 41.001(11).

"The standard for proving gross negligence under Texas law is considerably more stringent than the 'reasonable person' standard for ordinary negligence." *Henderson v. Norfolk S. Corp.*, 55 F.3d 1066, 1070 (5th Cir. 1995); *see also Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993). The law of gross negligence in Texas has both objective and subjective elements. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Under the objective element, an "extreme risk" is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Boerjan*, 436 S.W.3d at 311 (citation omitted). The subjective element requires "actual awareness," which "means the defendant knew about the peril, but its acts

or omissions demonstrated that it did not care." *Id*. Gross negligence claims in the slip-and-fall context can survive summary judgment in a "narrow category" of premises liability cases where a condition is "so inherently dangerous" that the storeowner is automatically on notice of the hazard. *Briley v. Wal-Mart Stores, Inc.*, 2018 WL 276368, at *3 (S.D. Tex. Jan. 3, 2018) (collecting cases).

This case does not fit that narrow category. There is nothing in the summary judgment record that creates a question for a fact finder to resolve regarding whether Wal-Mart had subjective knowledge of an "extreme risk" such that the conditions under which James fell were "so inherently dangerous" that Wal-Mart should be deemed to have been on notice. As such, the Court will grant Wal-Mart's motion for summary judgment on James's gross negligence claim.

Because the Court will grant summary judgment to Wal-Mart on James's premises liability and gross negligence claims, the Court need not decide whether *respondeat superior* applies. *See Johnson v. Sawyer*, 47 F.3d 716, 730 (5th Cir. 1995) ("*Respondeat superior* does not impose liability on the employer unless the employee's conduct has been actionable.").

### IV.   CONCLUSION

Wal-Mart's motion for summary judgment (Dkt. 23) is **GRANTED**. It is hereby **ORDERED** that this case is dismissed with prejudice.

Final judgment will enter separately.

SIGNED at Houston, Texas this 24th day of April, 2024.

GEORGE C. HANKS, JR.
**UNITED STATES DISTRICT JUDGE**